IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JENNA FERRIS,<br>    *Plaintiff*,<br><br>v.<br><br>KIMBERLY HOLLISTER,<br>    *Defendant*. | No. 25-cv-597-ABA |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jenna Ferris ("Ferris") has sued Kimberly Hollister ("Hollister") for breach of contract related to an audiology business gone awry. Hollister has moved to dismiss on several grounds: defective service, lack of subject matter and personal jurisdiction, and failure to state a claim. Hollister has also moved for sanctions against Ferris's attorney, to quash service, and to strike Ferris's affidavit. For the reasons below, the Court will grant Hollister's motion to dismiss on personal jurisdiction grounds, deny the request for sanctions, and deny the rest of the motions as moot.

**I.  BACKGROUND**

The following facts are outlined in the complaint, which the Court must accept as true for purposes of a motion to dismiss. *See Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). Ferris, a resident of Maryland, and Hollister, a resident of Michigan, agreed to work together in setting up an audiology practice in Michigan. ECF No. 1 ¶ 5–6, 12–14. The alleged agreement was that Ferris would invest the upfront capital needed to get the business off the ground and Hollister, a doctor, would render audiological services as an independent contractor. *Id.* ¶ 12–14, 18. The parties planned for Ferris to

1

initially take the larger share of the profits, and for Hollister to gradually buy an equivalent partnership stake by repaying Ferris's initial investment. *Id.* ¶ 16–19. Ferris signed a lease for office space in Michigan and registered an LLC called "Hollister and Ferris Audiology Services" in Maryland (the "Maryland LLC"), which she solely owned. *Id.* ¶¶ 9, 12; ECF No. 18-1. Things eventually went south. Ferris contends that in April 2024, Hollister breached the agreement to repay the upfront investment and refused to continue seeing patients for the fledgling business. *Id.* ¶¶ 33–34. At the time of the breach, Hollister had not paid back any of Ferris's capital investment and had no ownership stake in the business. *Id.* ¶¶ 21–24; ECF No. 1-3.

Following Ferris's attempts to execute service and obtain default judgment, Hollister filed a motion to vacate service and to dismiss the complaint due to defective service of process, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. ECF No. 16. The motion also included a request for sanctions. ECF No. 16-1 at 20. Ferris's opposition to this motion lacked any case citations, instead containing a list of numbered paragraphs that contained both legal argument and alleged facts. ECF No. 18. It was signed by Ferris's attorney, David M. McFadden, but also ended with an affirmation, signed by Ferris, stating that she "SOLEMNLY SWEAR[S] AND AFFIRM[S] UNDER THE PENALTIES OF PERJURY that the contents of the foregoing Answer to Defendant's Motion to Vacate, Dismiss and for Sanctions are true to the best of my knowledge, information, and belief." *Id.* at 9.

Hollister filed a motion to strike this opposition to the extent it served as an affidavit, ECF No. 19, as well as a motion to quash service, ECF No. 20, both of which are also now fully briefed.

2

## II.   DISCUSSION

### A.   Personal jurisdiction

At the pleading stage, the relevant standard for evaluating a personal jurisdiction challenge is whether the plaintiff's allegations, accepted as true, make out a "*prima facie* showing of personal jurisdiction." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016); *see also Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 196 (4th Cir. 2018) ("[W]e have treated the disposition of Rule 12(b)(2) motions to dismiss for a lack of personal jurisdiction in conceptually the same manner as we treat the disposition of motions to dismiss under Rule 12(b)(6), where we take allegations of the complaint as true for purposes of assessing the motion to dismiss.").

As an initial matter, Hollister urges the Court to strike Ferris's opposition to the extent it purports to be an affidavit, pointing to numerous alleged procedural deficiencies. ECF No. 19. The Court will decline to rule on Hollister's motion because even construing all the allegations in the purported affidavit and complaint as true, Ferris still has not made a *prima facie* case for personal jurisdiction.

Federal Rule of Civil Procedure 4(k)(1)(A) authorizes personal jurisdiction over a nonresident defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Personal jurisdiction under this rule is permissible if (1) "such jurisdiction is authorized by the long-arm statute of the state in which [the Court] sits" and (2) "the application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment." *Khashoggi v. NSO Grp. Techs. Ltd.*, 138 F.4th 152, 159 (4th Cir. 2025) (quoting *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020)). Because Maryland's long-arm statute is "coextensive with the limits of personal jurisdiction set by the due process clause,"

3

these two requirements merge. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

To determine whether an exercise of personal jurisdiction satisfies due process, courts ask whether a defendant has "such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316–317 (1945)). There are two types of personal jurisdiction under this analysis. "General jurisdiction lies in the forum where the defendant is domiciled or 'fairly regarded as at home,'" and allows the court to "hear *any* claim against that defendant." *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017)). Specific jurisdiction, by contrast, is permitted when the claims "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb*, 582 U.S. at 262 (cleaned up). In other words, "there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

The Fourth Circuit has "synthesized" a three-part test for analyzing whether the exercise of specific jurisdiction in a particular case comports with due process: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be

4

constitutionally reasonable." *UMG Recordings*, 963 F.3d at 352 (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273 (4th Cir. 2009)).

Because Hollister contends that she did not have minimum contacts with Maryland and did not avail herself of Maryland's market and laws, her argument is primarily directed to the first prong. The Fourth Circuit has articulated eight factors as pertinent to the purposeful availment analysis:

> (1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted.

*Sneha*, 911 F.3d at 198–99. Ferris's complaint and motion papers do not allege that Hollister conducted any in-person activity in Maryland either personally or through an agent, that any work was contemplated to occur in Maryland (rather, all work was contemplated to occur at the leased office space in Michigan), or that the parties had a formal written contract let alone one with a forum-selection clause. *See* ECF No. 1 ¶¶ 9, 26–27; ECF No. 18 at 3. Thus, factors 1, 2, 5, 6, and 7 would not support the exercise of specific jurisdiction in Maryland over Hollister. Ferris likewise does not claim that Hollister originally initiated the business, so factor 3 is not at play either.

Instead, Ferris's arguments largely fall under factors 4 and 8, and can be grouped into two primary contentions: (1) that Hollister's emails and texts about the business with Ferris created a connection to Maryland and (2) that Hollister created a connection

5

to Maryland through some kind of co-ownership or misappropriation of Ferris's Maryland LLC, as reflected in the allegations that Hollister used the Maryland LLC's Employer Identification Number (EIN) for her own business, ordered a piece of audiological equipment under the Maryland LLC's name, and purchased Maryland malpractice insurance. ECF No. 18 at 4–7. None of these points make out a *prima facie* showing of jurisdiction.

    First, the electronic communications between Ferris and Hollister do not establish personal jurisdiction. In an analogous case, *Cricket Group, Ltd. v. Highmark, Inc.*, Judge Motz of this Court held that because the defendant had "never established a physical presence in Maryland," the "many contacts between the two parties [that] occurred via email, telephone, or instant messaging . . . [did] not provide sufficient contacts to justify exercising personal jurisdiction." 198 F. Supp. 3d 540, 544 (D. Md. 2016). As in *Cricket Group*, here Ferris has not alleged that Hollister established any physical presence in Maryland. The leased offices were in Michigan, and the work was contemplated to occur in Michigan. Ferris's pleadings and affidavit do not contain any allegations of a face-to-face meeting in Maryland. To the extent the parties' electronic communications were directed to any state, they were directed to Michigan, where the business was located and all the work took place. *See UMG Recordings*, 963 F.3d at 353 (stating that the "touchstone" for internet-based specific jurisdiction "remains that an out-of-state person [has] engaged in some activity purposefully directed toward the forum state creating a substantial connection with the forum state") (quoting *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625 (4th Cir. 1997)) (alterations and emphasis omitted).

Second, the several facts that Ferris has alleged that relate to Hollister's use, co-ownership, or misappropriation of the Maryland LLC do not make out a *prima facie* case for jurisdiction either, even if accepted as true.

At the outset, the fact that the business in question was registered in Maryland does not give rise to personal jurisdiction. The complaint states that Ferris was the "sole owner of the business," even though the entity bore both parties' names ("Hollister and Ferris Audiology Services, LLC"). ECF No. 1 ¶ 12. Though the alleged plan was for Hollister to eventually pay back Ferris's capital and buy into the LLC, she had no equity in the business at the time of the breach. *Id.* ¶¶ 17–24; *see also* ECF No. 1-3 (email from Ferris to Hollister of April 18, 2024 stating "[a]t this time Kim, I am the 100% sole owner of the equipment and lease that is registered to Hollister & Ferris. You do not have any equity or ownership rights to this business as you have contributed absolutely ZERO capital . . . You literally have your last name attached to this and that is it."). As Ferris concedes, Hollister was "a 1099 employee" at the time of the breach—in other words, she was merely an independent contractor. ECF No. 1 ¶ 13. The business's registration in Maryland cannot be imputed to Hollister because "a corporation's contacts with a forum state cannot be attributed to its employees." *Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 604 (D. Md. 2008); *see also Johansson Corp. v. Bowness Const. Co.*, 304 F. Supp. 2d 701, 706 (D. Md. 2004) ("Acts of an agent may be attributed to the principal for jurisdictional purposes. On the other hand, there is no legal basis for attributing acts of a principal to the agent for jurisdictional purposes.") (citations omitted).

The parties' apparent plans to have Hollister become a partner in the Maryland LLC in the future do not change this analysis. The plans never materialized, and "'a

7

defendant's contacts with a forum state are measured as of the time the claim arose'—not at the time the Complaint was filed." *Old Republic Nat'l Title Ins. Co. v. Georg*, Case No. 21-cv-00842-RDB, 2023 WL 3763976, at *4 (D. Md. June 1, 2023) (quoting *Hardnett v. Duquesne Univ.*, 897 F. Supp. 920, 923 (D. Md. 1995)). At the time of breach, Hollister was merely an agent of Ferris's business, and so the fact that Ferris's business was registered in Maryland does not give rise to specific jurisdiction over Hollister.

Ferris also emphasizes Hollister's use of the Maryland LLC's EIN number when Hollister opened her solo audiology business in July 2024. ECF No. 18 at 3. Ferris has provided an exhibit showing payments Hollister subsequently received that were reported using this EIN. *Id*. at 5–6; ECF No. 18-2. Hollister has submitted a letter indicating that the use of the EIN was not intentional but rather the error of a VA claim evaluation company. ECF No. 21-2. But even accepting Ferris's allegations of misuse as true, Hollister's EIN usage in July 2024 apparently occurred independent from the alleged breach of contract at issue in this case: Ferris states that Hollister "breached the contract on April 18, 2024" through anticipatory non-payment of promised funds and refusal to see clients. ECF No. 18 at 6. Ferris has not shown that Hollister's subsequent alleged misappropriation of the EIN has any connection to Ferris's claim here. And even if Hollister's EIN usage could give rise to personal jurisdiction in Maryland, her actions occurred after the alleged breach and split with Ferris, and thus are not properly considered in the jurisdictional analysis. As explained above, jurisdictional contacts are measured at the time of breach. *See Old Republic*, 2023 WL 3763976, at *4; *see also DeBellis v. Woodit*, 728 F. Supp. 3d 330, 345 (D. Md. 2024) ("A defendant's contacts

that occur after the underlying controversy are less likely to support the exercise of jurisdiction.").

Hollister's equipment order does not give rise to personal jurisdiction either. Ferris has provided a receipt showing that Hollister ordered a $500 piece of audiology equipment on behalf of the Maryland LLC to Michigan in March 2024. ECF No. 18-6. Hollister apparently "did not have authorization to sign on behalf of the business, but she did anyway," and Ferris argues that this action connects her to the Maryland LLC. ECF No. 18 at 5. It is not entirely clear from her brief whether Ferris is alleging that the equipment was meant for the Maryland LLC or for Hollister's own later business. But the distinction is immaterial: Hollister ordered the equipment *to Michigan*, where both parties expected the work to be performed. If Hollister ordered the equipment on behalf of her own businesses, that constitutes a connection to Michigan (not Maryland). If Hollister's actions were on behalf of Ferris's Maryland LLC as an agent, the fact that the LLC was registered in Maryland does not establish or support personal jurisdiction, as explained above. *See Glynn*, 536 F. Supp. 2d at 604; *Johansson Corp.*, 304 F. Supp. 2d at 706.

Finally, Ferris also contends that Hollister "obtained Malpractice Insurance from an Insurance Agent in Maryland, so any claim, if made, would go through a Maryland Insurance Agent." ECF No. 18 at 4. But Ferris does not allege any malpractice claims were brought against Hollister connected to this case, does not explain why the mere purchase of insurance would be connected to the alleged breach of contract, and does not allege that she or Hollister intended for any patients to be seen outside of Michigan.

Because Ferris has not made a *prima facie* showing for personal jurisdiction over Hollister even when construing all of her allegations as true, the Court will dismiss the

9

case for lack of personal jurisdiction. Because it dismisses on personal jurisdiction grounds, the Court need not address Hollister's personal service, subject matter jurisdiction, and failure-to-state-a-claim arguments.

### B. Sanctions

In the motion to dismiss, Hollister also requests sanctions because Ferris "failed to serve process . . ., misrepresented that to this Court, and . . . refused to dismiss this improper case, despite request." ECF No. 16-1 at 20. Hollister's motion appears to implicate Federal Rule of Civil Procedure 11, which, among other things, requires attorneys to certify that pleadings and written motions do not advance frivolous arguments or contain misrepresentations. Fed. R. Civ. P. 11(b). But a Rule 11 motion "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed R. Civ. P. 11(c)(2). Hollister's request fails to meet these requirements, so it is denied.

### III. CONCLUSION AND ORDER

For these reasons, the Court hereby ORDERS as follows:

1. Defendant's motion to dismiss and for sanctions (ECF No. 16) is GRANTED IN PART (as to personal jurisdiction), DENIED IN PART (as to sanctions) and DENIED AS MOOT IN PART (as to other arguments for dismissal).

2. The Clerk of Court is directed to mark this case as CLOSED.

3. Defendant's motions to strike Plaintiff's affidavit (ECF No. 19) AND to quash service (ECF No. 20) are DENIED AS MOOT.

4. Plaintiff's motion for leave to file a sur-reply (ECF No. 28) is GRANTED. The Court has already considered the attached sur-reply (ECF No. 28-1) in its opinion and order above.

Date:  October 21, 2025

                                                           */s/*
                                          Adam B. Abelson
                                          United States District Judge